# EXHIBIT A

COMMONWEATLH OF KENTUCKY
COUNTY OF CARTER
CASE NO: 21-CI-_____

MICHAEL MCDAVID,                                          PETITIONER

V.                        COMPLAINT

MCDONALD'S CORPORATION
Serve: The Prentice Hall Corporations System
       421 W. Main St.
       Frankfort, Ky 40601

and THE AMARILLO CORPORATION
Serve: Kimberly S. McCann
       1544 Winchester Ave,
       5th Floor
       Ashland, Ky 41101,                                RESPONDENTS

     Comes now, the Plaintiff, Michael McDavid, by counsel and for his complaint against the

Defendants, McDonald's Corporation and the Amarillo Corporation, states as follows:

1. On or about February of 2020, the Plaintiff was hired to work as an employee of the

   Defendants, McDonald's Corporation and the Amarillo Corporation, at the Grayson,

   Kentucky, McDonald's restaurant.

2. Said Grayson, Kentucky McDonald's restaurant is located on Carol Malone Boulevard in

   Grayson, Carter County, Kentucky.

3. After accepting employment with the Defendants, the Plaintiff properly and faithfully

   attempted to carry out his work responsibilities.

4. After the Plaintiff began his employment with the Defendants at the Grayson, Kentucky

   McDonald's restaurant location, the Plaintiff suffered from the sexual attention of a

   female manager who was employed by the Defendants, McDonald's Corporation and the

   Amarillo Corporation, to serve as a manager in said Grayson McDonald's restaurant and

to serve as the supervisor of employees in the restaurant, including serving as a supervisor of the Plaintiff, Michael McDavid.

5. Specifically the female manager aforesaid who served as the Plaintiff's manager developed a sexual attraction and a sexual interest in the Plaintiff, which said the said manager evidenced and displayed openly and publicly by often engaging in  the following conduct during working hours and at times while the Plaintiff was attempting to complete and carry out his work activities and duties, all while on the premises and at the Defendants' place of business:

    A. The manager would often make sexually suggestive comments, to the Plaintiff, and by inviting the Plaintiff to engage in sexual activity with her, suggesting that said sexual activity would be enjoyed by both of them and offering other comments in the nature of sexual innuendo and generally propositioning the Plaintiff to engage in sexual activity with her, the Plaintiff's manager and supervisor.

    B. The female manager would often touch the Plaintiff in a sexual manner with her hands, other parts of her body, and her body in general, and often would display parts of her body in a provocative manner toward the Plaintiff, while the Plaintiff was attempting to carry out his work duties and would often commit  said physical contact and provocative mannerisms by surprise and by  stealth  when she came in the vicinity of the Plaintiff and often committing said activity, simultaneously  and in conjunction  with the verbal harassment of aforesaid.

6. The Plaintiff specifically alleges that the Defendants enabled and permitted the maintaining, establishment,  and creation of a work environment, which was objectively

Package:000004 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000004 of 000007

and subjectively offensive and in which the said female manager repeatedly harassed the Plaintiff in a sexual manner based solely on the Plaintiff's gender.

7. Although the Plaintiff sought and attempted to discourage and end the attention and harassing acts of the female manager as a foresaid, by telling her that he was not interested, that he was not attracted to her, by reminding her he was married and by continuously declining and deflecting her attention and invitations, the aforesaid sexual harassment by the female manager persisted and continued throughout the Plaintiff's employment with the defendants.

8. As the aforesaid sexual harassment from the female manager continued and became increasingly obvious and aggressive, the Plaintiff appealed to other managers and to the supervisors of the female manager, whose reasonability it was to protect the Plaintiff from said hostile and discriminatory conduct and work environment, all to no avail. As the harassment as afore described  continued until the Plaintiff concluded that the Defendants were not going to limit, end, or otherwise control the sexual harassment and discriminatory conduct against the Plaintiff,  at which time the Plaintiff ceased his work and employment for the Defendants on or about August 6, 2020,  all because the Defendants allowed and created a hostile and abusive work environment so severe  and pervasive as to alter the conditions of the Plaintiff's employment  and as to create an abusive work environment, there by allowing the existence of a hostile environment of discrimination in the work place, permeated with discriminatory conduct, intimidation, ridicule, and insult  that is so sufficiently severe or pervasive as to alter the conditions of the Plaintiff's employment and thereby created an abusive working environment all as prohibited  by law, specifically the

Filed        21-CI-00253      08/02/2021      Larry D. Thompson. Carter Circuit Clerk

Civil Rights Acts of 1964, section 703 (a)(1), 42 U.S.C.A. section 2000e-2 (a)(1); K.R.S. 344.010, et seq., and all other applicable law.

9. The conduct of the female manager whose sexually harassing activities was so severe and pervasive that it created a hostile work environment at the Grayson, Kentucky McDonald's restaurant and that as a result of said hostile work environment the Plaintiff, Michael McDavid, suffered lost income, embarrassment, humiliation, depression and other physical, emotional, and mental pain and suffering, all of which could have been avoided if the Defendants had acted appropriately and as required by law to correct and control the said female manager who created the hostile work environment through her severe pervasive activity of sexual harassment against the Plaintiff as aforesaid, all for which the Plaintiff claims damages in an amount which exceeds that minimum amount necessary to confer jurisdiction upon this Court.

10. The Plaintiff further claims punitive damages from the Defendants all in an amount which exceeds that minimum amount necessary to confer jurisdiction upon this Court.

Wherefore, the Plaintiff, Michael McDavid, claims damages against the Defendants, McDonald's Corporation and the Amarillo Corporation, as follows:

1. Trial by jury on all issues so triable.

2. Compensatory damages in an amount which exceed that minimum amount necessary to confer jurisdiction upon this Court.

3. Punitive damages in an amount, which exceed that minimum amount necessary to confer jurisdiction upon this Court.

4. An award of attorney's fees for his lawyer pursuant to applicable law.

5. His further costs and fees be paid by the Defendants.

6.  Any and all other relief to which the Plaintiff, Michael McDavid, may be entitled.

<div style="margin-left: 50%;">

Respectfully Submitted,

/s/ Robert W. Miller
Robert W. Miller
Attorney for the Plaintiffs
P.O. Box 357
Grayson, Ky 41143
(606)474-7827

</div>

Package:000007 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000007 of 000007